HEIRS OF SATURNINA JUARBE, Plaintiffs and Appellants, *v.* VICENTE AMADOR PÉREZ, Defendant and Appellee; MERCEDES ABRIL ET AL., summoned to defend against eviction, Appellees.

No. 4922.   Argued June 2, 1931.—Decided June 4, 1931.

*E. Ramos Antonini* and *Leopoldo Tormes* for appellants.   *A. García Ducós* for appellee Amador;   and *E. González Mena* for other appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action, commenced in 1923, for the recovery of a property of eighty-five acres (*cuerdas*), situated in Isabela. It is alleged in the complaint that Martín Juarbe, in or about the year 1848, made a last will and testament in favor of his children, and in the partition the "Ranchera" plantation, with an area of five hundred acres, was allotted to his daughter Juana.   The latter contracted a first marriage with Eugenio Corchado and a second with Miguel R. Goicochea.   She left surviving her, of the first marriage, three children named, Manuel, Martín, and Cristina Corchado y Juarbe, and of the second marriage other children, among whom was Dolores Corsino Goicochea, to whom there was allotted by way of inheritance, at her mother's death, a part of the aforesaid plantation.   Upon her death, Dolores left in her will a legacy of $1,685.10 to Saturnina Juarbe, an emancipated slave, which

legacy was allotted to the latter out of the land in the possession of the defendant Amador and now claimed by her nephews, plaintiffs herein, as belonging to them. Such is the case as presented by the plaintiffs.

Defendant Amador moved that the vendor be summoned to defend against the eviction. He was so summoned and appeared to defend. The defendants filed demurrers, which were overruled, and the case was finally tried before Judge Bryan, who died before rendering judgment. By stipulation of the parties, the case was submitted to the present District Judge Mestre, who decided it in favor of the defendants and imposed costs on the plaintiffs.

Feeling aggrieved, the plaintiffs appealed and they have assigned five errors claimed to have been committed by the court in holding that the actions brought had prescribed; in finding that defendant Amador was a third person protected; in holding that Amador had acquired ownership by prescription; in imposing costs on the plaintiffs; and in rendering a judgment contrary to the evidence and the law.

The statement of the case and opinion filed by the court below is full and carefully prepared. It contains a summary of the pleadings. In examining the latter in connection with the evidence, it recites in twenty-eight separate and numbered paragraphs the entire history of the case. Paragraph 28 reads as follows:

"That defendant Amador and his predecessors in interest have been in possession of the property, the object of this suit, as sole and absolute owners thereof, quietly, publicly, and peacefully for a continuous and uninterrupted period exceeding twenty years, in good faith and under a just title, whether the time be reckoned from the exercise by Antonia Pino of her first act of ownership of which we know, that is, ever since she leased it to Emiliano Corchado (in 1895), or whether the period be computed from the time of the death of Saturnina Juarbe (in 1899), that is, ever since there accrued in favor of her heirs the right to claim what had belonged to her. This limitation period has also expired if the same must be computed from the recording in the registry of property of Antonio Pino's dominion

title to the said immovable (February 26, 1901). The said period must be considered as having elapsed, as above stated, because the plaintiffs first filed their claim on September 26, 1924, this being the date of their complaint. Under section 1858 of the Civil Code in force, the principal action which is being prosecuted has prescribed because the period of limitation is ten years and, as already stated, the plaintiffs have always been present, and the possession of defendant Amador has been in good faith and under a just title. But even if the plaintiffs had been absent (and such is not the case), the defense of prescription would always lie herein because the possession of defendant Amador, we repeat, has been in good faith and under a just title, as sole owner, with full ownership, quietly, publicly, and peacefully, for a continuous and uninterrupted total period exceeding twenty years."

From the facts held as proved, the court reached the following conclusion:

"That the right of the plaintiffs is barred as regards the principal action, and the subsidiary claim for fruits and revenues must be considered also as having prescribed.

"That co-defendant Vicente Amador Pérez is a *bona fide* third person holding a better title as was also Abril, his predecessor in interest.

"That it must be held that said defendant Amador has acquired the ownership of the property which is the object of this action by acquisitive prescription."

Judgment was rendered accordingly.

In support of the first error claimed by the appellants, that the court erred in holding that the actions of revendication and for recovery of fruits and revenues had prescribed, they argued in their brief as follows:

"No positive ground appears from the record justifying the conclusion that the defendants, or any of them, have had the quiet, public, and peaceful possession of the immovable, the object of this suit, for more than twenty years, much less for ten years, as owners; on the contrary, it appears that the present action was commenced in or about the year 1923, and that about 1907 Ceferino and Cecilio Pino were working as owners of the property sought to be recovered (Trans. pp. 3, 10, and 11) and ever since that time the plaintiffs have constantly demanded the delivery of the property."

The findings contained in paragraphs 26 and 27 of the opinion of the court are as follows:

"That some of the plaintiffs used to work on the said 89⅔-acre tract, both before and after the death of Saturnina Juarbe, not as owners, but as laborers or share croppers.

"That no person disturbed Vicente Amador or his predecessors in interest in the possession of the said 89⅔-acre tract until the institution of the above entitled action (September 26, 1923)."

The evidence was conflicting and the court adjusted the conflict. No passion, prejudice, bias, or manifest error has been shown.

It is contended in further support of the first error assigned and especially as a basis for the second error relating to the finding by the court in regard to the status of defendant Amador as a *bona fide* third person, that the record showed the invalidity (*ineficacia*) of the dominion title on which the defendant rested his claim of ownership, as it was not stated in the record that the former owners or predecessors in interest had been summoned in the proceeding.

In the original record of ownership made in the name of Antonia Pino in 1901, pursuant to an order of the District Court of Mayagüez, it is stated that the proceeding had been prosecuted in legal form, and most of the particulars are shown, but in reality it is not specifically stated therein that the requirements of the service of process had been complied with.

The appellee calls our attention to the fact that this question was not raised in the district court. Indeed, it ought to have been raised, because if it had been necessary for the defendants to affirmatively prove the service of process, they could have perfected the record herein by incorporating the record of the dominion title proceeding.

The question is immaterial in the present suit. There is no doubt that the ownership in favor of Antonia Pino having been declared by a court of competent jurisdiction in a proceeding authorized by law, and the order of the court

having been recorded in the registry also in conformity with the law, the person who acquired from the one appearing in the registry as owner and without any notice to the contrary was a *bona fide* third person as against anybody else having a claim upon the property. Consequently, Osvaldo Abril was a third person protected as against the plaintiffs when he acquired the property by purchase from Antonia Pino; likewise defendant Amador was a third person when he acquired from Abril. This is the more so, if we consider the finding made by the court relative to the acquisitive prescription, assigned as error by the appellants in their third assignment.

The dominion title had been recorded in the registry in the name of Mrs. Pino since 1901. Everything from the registry shows that Mrs. Pino acted as owner. She leased and finally sold the property to Abril. The purchaser exercised his right of ownership by selling the property to defendant Amador who, at the time that the present action was commenced, had already been in possession as owner in good faith and under a just title for more than twenty years. What more is needed? No essential defect, indeed, appears from the ownership record of 1901, because it must be presumed that the judicial order recorded, entered as it was by a court of competent jurisdiction within a proceeding authorized by law, was made after complying with all the statutory requirements; but if any defect existed, the same has been cured by the intervening hostile possession enjoyed uninterruptedly for more than twenty years.

Under any aspect of the case, the affirmance of the judgment appealed from lies. The above determines the nonexistence of the fourth assignment of error relating to the imposition of costs, and similarly of the fifth which is a summary of the preceding ones.

The judgment appealed from must be affirmed.